UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPENCER B., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 22 CV 7131 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Spencer B. appeals the Commissioner of Social Security's decision denying his applications for benefits. For the following reasons, plaintiff's motion to reverse or remand the Commissioner's decision [13] is granted, the Commissioner's motion for summary judgment [18] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

In April 2020, plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging an onset date of October 25, 2019. [12-1] 27. The claims were denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 27-37. The Appeals Council denied review in October 2022, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date. [12-1] 29. At step two, the ALJ determined that plaintiff had the following severe impairments: unspecified schizophrenia and major depressive disorder. [*Id.*] 29-30.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [12-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [7].

At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 30-31. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, except that plaintiff (1) could not be exposed to dangers to life or limb in the workplace and could not work in high, exposed places; (2) was limited to simple, routine, repetitive tasks with only occasional changes in the work setting; and (3) could have no interactions with the public but could tolerate brief, superficial interactions with supervisors and coworkers. [*Id.*] 31-32. At step four, the ALJ held that plaintiff could not perform his past relevant work. [*Id.*] 35. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: hospital cleaner (55,000 jobs), store laborer (128,000) jobs, and charge house attendant (72,000 jobs). [*Id.*] 36. For these reasons, the ALJ concluded that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because (1) the ALJ failed to obtain a valid waiver of his right to counsel, (2) the ALJ did not adequately develop the record in this case given plaintiff's unrepresented status, and (3) the RFC determination does not accommodate plaintiff's mental functional limitations. Because the ALJ did not discharge his duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," *Rennaker v. Saul*, 820 F. App'x 474, 479 (7th Cir. 2020), in this case where plaintiff was unrepresented, the Court remands the case for further administrative proceedings.[3]

"An ALJ in a benefits hearing has a duty to develop a full and fair record." *Bertaud v. O'Malley*, 88 F.4th 1242, 1244 (7th Cir. 2023). "[T]his duty is enhanced when a disability benefits claimant is unrepresented[.]" *Rennaker*, 820 F. App'x at 479. "Where the disability benefits claimant is unassisted by counsel, the ALJ has a

---

[3] Because this issue is dispositive, the Court does not address plaintiff's other grounds for remand.

2

duty scrupulously and conscientiously to probe into, inquire of and explore for all of the relevant facts." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (internal quotation marks and brackets omitted). "Although pro se litigants must furnish some medical evidence to support their claim, the ALJ is required to supplement the record, as necessary, by asking detailed questions, ordering additional examinations, and contacting treating physicians and medical sources to request additional records and information." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (internal citations omitted).

In this case, plaintiff has the burden to establish that the ALJ failed to properly develop the record. When a claimant who was unrepresented at the administrative hearing argues that the ALJ did not properly develop the record, the claimant has the burden of persuasion if the claimant validly waived his right to counsel. *Cf. Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007) ("if the ALJ does not obtain a valid waiver of counsel, the burden is on the Commissioner to show the ALJ adequately developed the record"). "To obtain a valid waiver of counsel, the ALJ must explain to the *pro se* claimant: (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Rosa M.A. v. Kijakazi*, No. 20 C 4862, 2022 WL 3369270, at *2 (N.D. Ill. Aug. 16, 2022) (internal quotation marks omitted).

Here, the ALJ did not explain these matters to plaintiff at the hearing. Rather, the ALJ only informed plaintiff that he had the right to be represented by an attorney and advised him that his mother–who was not an attorney or an otherwise qualified representative–could not act as his representative. *See* [12-1] 46-47. But the Court finds that plaintiff's waiver was valid because he had been advised about these matters before the hearing. In July 2021, the ALJ sent plaintiff a "Notice of Hearing" packet that included a two-page pamphlet titled "Your Right To Representation." [12-1] 186, 191-92. This document explained that plaintiff had a right to be represented at his hearing, identified five concrete ways in which a representative could assist plaintiff, discussed the possibilities of free and contingency-based representation, and explained that attorney fees would be limited to 25% of any award of past-due benefits and the requirement for court approval. *See* [*id.*] 191-92. Plaintiff does not dispute that he received this document, and his reply brief does not respond to the Commissioner's arguments on this issue. Furthermore, the record contains an "Acknowledgement of Receipt (Notice of Hearing)" that was signed by plaintiff. *See* [*id.*] 217. This pre-hearing notice was sufficient to advise plaintiff of his right to representation, the possibility of free and contingency-based representation, and the 25% limit on attorney fees, and the Court accordingly finds that plaintiff's waiver was valid. *See Jozefyk v. Berryhill*, 923 F.3d 492, 497 (7th Cir. 2019) ("so long as it contains the required information, written notice adequately apprises a claimant of his right to counsel").

Nevertheless, the Court concludes that the ALJ did not fully and fairly develop the record. "[A] significant omission is usually required for a court to find that the ALJ failed to assist a pro se claimant in developing the record," and "an omission is significant only if it is prejudicial." *Ibrahim I. v. Saul*, No. 17-cv-5983, 2020 WL 1820598, at *3 (N.D. Ill. Apr. 10, 2020) (internal quotation marks omitted). The significant omission here was the ALJ's failure to obtain an opinion statement from plaintiff's psychiatrist, Dr. Khan.

At the time of the hearing, Dr. Khan's treatment records had not been submitted to the ALJ. *See* [12-1] 51-54. During the hearing, plaintiff's mother testified that Dr. Khan had opined that plaintiff "cannot work" because (1) "his attention span is minimal to the point where he can't stay put for more than 10, 15 minutes," (2) "directions need to be reiterated to [plaintiff] numerous times," and (3) plaintiff "need[ed] someone to stand over him and continually tell him and redirect him to do whatever he's asked to do." [*Id.*] 63. As the hearing concluded, plaintiff's mother asked the ALJ, "so we want to definitely get a letter from the doctor summarizing [plaintiff's] ability to work and his current state of mind, correct?" [*Id.*] 73. The ALJ responded, "That would be helpful, but even most – more importantly would be the – the records from that provider." [*Id.*] 74. Shortly after the hearing, the ALJ obtained Khan's treatment records, *see* [*id.*] 27, 359-60, but the records did not include an opinion statement from Dr. Khan. [*Id.*] 35. In denying plaintiff's disability claims, the ALJ addressed the opinion as follows:

> The claimant's mother reported that the claimant's provider Dr. Khan stated that the claimant cannot work due to a poor attention span. A medical opinion by Dr. Khan is not in the record. The statement as reported by the claimant's mother is not a function-by-function analysis, is vague (i.e., poor attention span is not defined), and is not clear if it was not intended for an extended duration (i.e., a temporary or permanent restriction). Disability determination is an issue reserved to the Commissioner.

[*Id.*] 35.

The ALJ's failure to obtain a medical opinion from Dr. Khan was a significant omission. Plaintiff's mother informed the ALJ that Khan had opined that plaintiff was unable to work, and the ALJ agreed with plaintiff's mother that "we want to definitely get a letter from the doctor summarizing [plaintiff's] ability to work and his current state of mind[.]" [12-1] 73. Although the ALJ obtained Dr. Khan's treatment records, there is no indication that the ALJ sought out the opinion referenced by plaintiff's mother or requested that Dr. Khan submit a medical opinion. Rather, after the ALJ obtained Khan's treatment records, the ALJ advised plaintiff that he could submit "a report from the treating physician" if plaintiff wanted him to consider that evidence. [*Id.*] 360. "However, the ALJ's duty to a non-represented party is not to ask

4

them for documents, but for the ALJ to develop the record and obtain relevant evidence. Merely stating a willingness to help a *pro se* party obtain relevant documents, when that party may not even know what documents exist, are needed, or may be relevant, does not fulfill that duty." *Whatley for M.W. v. Berryhill*, Cause No. 2:17-CV-196-JEM, 2018 WL 3989468, at *3 (N.D. Ind. Aug. 20, 2018) (internal emphasis omitted).

Furthermore, the ALJ's criticisms of Dr. Khan's opinion as reported by plaintiff's mother underscored the need to obtain Khan's opinion. To begin, the ALJ dismissed the opinion because it did not contain a function-by-function analysis. But if the ALJ believed that the lack of a function-by-function assessment was a "shortcoming" that made Dr. Khan's opinion "unclear or incomplete," the ALJ "has an obligation to recontact the physician and further develop the record." *Virden v. Colvin*, Case No. 14-cv-1219, 2015 WL 5598810, at *9 (C.D. Ill. Sept. 22, 2015) (remanding where ALJ criticized treating physician's opinion for lacking function-by-function assessment but did not contact doctor for clarification). The ALJ also characterized the Khan opinion as "vague" and lacking in clarity, but in doing so the ALJ put the burden on a lay witness to accurately summarize what may have been a detailed, complex, or nuanced opinion that Dr. Khan delivered nearly two years before the hearing. *See* [12-1] 63 (plaintiff's mother's testimony that Khan delivered opinion shortly after plaintiff's first hospitalization in January 2020). Finally, the ALJ wrote off the opinion because "[d]isability determination is an issue reserved to the Commissioner." [12-1] 35. However, "an ALJ must 'make every reasonable effort to recontact [treating] sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear[.]'" *Virden*, 2015 WL 5598810, at *9 (quoting SSR 96-5p, 1996 WL 374183, at *2 (1996)).

Finally, the Court rejects the Commissioner's argument that it is "mere conjecture" that Dr. Khan would have provided a medical opinion supporting plaintiff's disability claim. *See* [19] 9. It is possible, of course, that Dr. Khan might have declined to offer a medical opinion had the ALJ contacted him. It is equally possible, however, that Dr. Khan might have provided an opinion that supported plaintiff's case. But this is not a case where the Court can reject plaintiff's argument about an undeveloped record on the ground that it is speculative to think that additional evidence might support the plaintiff's case. The ALJ was told that Dr. Khan had given an opinion connecting plaintiff's mental impairments to an inability to work, and the ALJ knew that the record did not contain an opinion from Dr. Khan. In these circumstances, the ALJ needed to request an opinion from Dr. Khan to discharge his duty to scrupulously develop the record on plaintiff's behalf.

5

## Conclusion

Plaintiff's motion to reverse and remand [13] is granted and defendant's motion for summary judgment [18] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: June 6, 2025**